UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WINSTON CANTRELL, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-10527** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(3)** |

**ORDER & REASONS**

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 4). For the following reasons, the Plaintiffs' motion is GRANTED.[1]

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home located at 3100 Gallo Drive in Chalmette, Louisiana, which suffered damage as a result of Hurricanes Katrina and Rita. The Defendants in this case are Allstate Insurance Company ("Allstate"), the Plaintiffs' homeowners' and flood insurance carrier, Gregory Ruiz, an Allstate agent, and Gregory Ruiz Agency, a Louisiana corporation.

On August 25, 2006, the Plaintiffs filed the present action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. The Plaintiffs allege that they are entitled to payment from Allstate for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. The Plaintiffs also allege that Ruiz committed various errors, omissions and misrepresentations which caused them to be under-insured. Specifically, the Plaintiffs allege that they requested an increase in coverage on October 11, 2004, but that Ruiz

---

[1] Accordingly, the parties in this case need not appear for the joint early status conference on February 8, 2007.

1

failed to increase their flood coverage.

Allstate removed this case to federal court on November 22, 2006, contending that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because Ruiz and Ruiz Agency were improperly joined and the amount in controversy exceeds $75,000. On December 20, 2006, the Plaintiffs filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Allstate contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiffs and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Specifically, Allstate asserts that diversity jurisdiction exists because the non-diverse defendants were improperly joined and, therefore, that the Court must disregard the citizenship of these defendants. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no

2

possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

Allstate asserts that the Plaintiff's claims against Ruiz and Ruiz Agency are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, her claim must be dismissed. Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, her claim must be dismissed. Allstate argues that this one-year peremptive period commenced, at the latest, when the Plaintiffs last renewed their policies on June 16, 2005. However, the parties have submitted competing affidavits with respect to the date from which the peremptive periods should run. Without further factual development, the Court cannot conclude that the Plaintiffs have no possibility of recovery against the in-state defendants in this case. *See, e.g., S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006). Accordingly, the Court finds that Ruiz and Ruiz Agency were not improperly joined and, thus, that diversity jurisdiction does not exist in this case. *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463

(E.D. La. Jan. 10, 2007).[2]

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED and that this matter is hereby REMANDED to 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

New Orleans, Louisiana, this   7th   day of   February  , 2007.

                                               UNITED STATES DISTRICT JUDGE

---

[2] In the alternative, Allstate argues that Ruiz and Ruiz Agency are improperly joined because the Plaintiffs' claims against these defendants and Allstate arise out of completely separate transactions and occurrences and involve separate issues of law and fact. The Court finds, however, that the joinder of the Plaintiffs' claims against Allstate, Ruiz, and Ruiz Agency are not "so egregious as to constitute fraudulent joinder," as these claims arise from damages sustained to the Plaintiffs' property during Hurricanes Katrina and Rita. *See Barash v. Encompass Indem. Co.*, No. 06-9438, 2006 WL 3791310, at *5 (E.D. La. Dec. 21, 2006) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and discussing similar cases).